**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| SABROSURA MUSIC LLC and OLIVA RECORDS LLC, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:26-cv-10198 |
| | § | |
| MARIO HERRERA, JR. p/k/a PESO PESO, RAMIRO MORALES p/k/a RAMYONTHEBEAT, VIRGIL GAZCA p/k/a THAT MEXICAN OUTTA TEXAS, and EMPIRE DISTRIBUTION, INC., | § § § § § § | |
| | § | |
| *Defendants.* | § | JURY TRIAL DEMANDED |
| | § | |

**ORIGINAL COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Plaintiffs SABROSURA MUSIC LLC ("SABROSURA") and OLIVA RECORDS LLC ("OLIVA") (collectively "Plaintiffs") hereby file this Original Complaint for Copyright Infringement against Defendants MARIO HERRERA, JR p/k/a PESO PESO ("HERRERA" or "PESO PESO"), RAMIRO MORALES p/k/a. RAMYONTHEBEAT ("MORALES" or "RAMY"), VIRGIL GAZCA p/k/a THAT MEXICAN OUTTA TEXAS ("GAZCA" or "TMOT"), and EMPIRE DISTRIBUTION, INC. ("EMPIRE") (collectively, "Defendants"), and would respectfully show the Court as follows:

**PRELIMINARY STATEMENT**

1. This is an action for infringement of the famous "Cumbia King" Rodolfo "Fito" Olivares's ("Fito") musical works "El Colesterol" and "Aguita De Melon" (collectively, the "Works") under 15 U.S.C.§ 501.

2. The work infringing "El Colesterol", titled "Selena" was released on September 12, 2024. The work infringing "Aguita De Melon," titled "Melon" was released at various times in 2023, and the music video was released on or around November 20, 2023. (collectively, "Selena" and "Melon" are the "Infringing Works."

3. The Infringing Works were released on various digital streaming platforms ("DSPs) including, but not limited to, YouTube, Spotify, Tidal, Amazon Music, YouTube Music, and Apple Music.

4. The Defendants' Infringing Works are derivative works that contain unauthorized samples of both the sound recording and musical composition of Fito's tracks.

5. When creating the Infringing Work, Defendants' sole contribution to the composition is lyrics recorded over the chopped-up and repeating tropical cumbia beat and Fito's signature alto saxophone. Defendants' added lyrics glorify murder, drug use, sex, and assault.

6. Plaintiffs attempted to remove the infringing works, but they were reposted.

7. Plaintiffs notified Defendant GAZCA through his manager that they wished to negotiate a license to resolve the infringement, but they were ignored.

8. Plaintiffs' last resort is to seek redress, including all remedies at law and equity afforded them under the Copyright Act, through this honorable Court.

**PARTIES**

9. Plaintiff SABROSURA, LLC is a limited liability company formed and existing under the laws of TEXAS, with its principal place of business in Houston, Harris County, Texas.

10. Defendant VIRGIL GAZCA p.k.a THAT MEXICAN OUTTA TEXAS ("GAZCA") is an individual residing in Richwood, Texas, and may be served with process at 215 Briarcreek St., Richwood, TX 77531, or wherever he may be found.

11. Defendant MARIO HERRERA, JR p/k/a. PESO PESO ("HERRERA") is an individual residing in Texas City, Texas, and may be served with process at 2321 30th Ave. N., Texas, City, TX 77590 or wherever he may be found.

12. Defendant RAMIRO MORALES p/k/a RAMYONTHEBEAT ("MORALES") is an individual residing in Kingsville, Texas, and may be served with process at 1805 Kelly Ln., Kingsville, TX 78363, or wherever he may be found.

13. Defendant EMPIRE DISTRIBUTION, INC. ("EMPIRE") is a corporation formed under the existing laws of the State of California, with its principal place of business at 235 Pine St. 24th Floor, San Francisco, CA 94104. EMPIRE may be served through its registered agent Michael Gallegus at 235 Pine St. 24th Floor, San Francisco, CA 94104 or wherever it may be found.

**JURISDICTION AND VENUE**

14. This action arises in substantial part under the copyright laws of the United States, 15 U.S.C. § 101, *et seq.*

15. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

16. The Court has personal jurisdiction over Defendants GAZCA, HERRERA, and MORALES because they reside and conduct business in Texas. In addition, all Defendants' unlawful conduct is taking place within this judicial district.

17. Venue is proper in this district under 28 U.S.C § 1391(b)(1) because Defendants GAZCA, HERRERA, and MORALES reside in this district; 28 U.S.C § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this judicial district; and under 28 U.S.C. § 1400(a) because some Defendants may be found in this district.

## FACTUAL BACKGROUND

18. This case involves the infringement of Plaintiff SABROSURA's copyrighted musical works "El Colesterol" and "Aguita De Melon". Pursuant to Federal Rule of Civil Procedure 65(b),

**A. The History of Fito Olivares**

19. Local Houston legend and world-renowned saxophonist Rodolfo "Fito" Olivares was born in Mexico in 1947. From a very early age, he fell in love with playing saxophone and often practiced with his father, creating music for long hours and crafting what would become household staples in the Cumbia genre.

20. When he turned sixteen, Fito began to play professionally with his brothers Javier and Jaime in local venues near his hometown of Ciudad Camargo, Tamaulipas, Mexico. Between Fito's saxophone skills, Javier's vocals, and Jaime's talent on keyboards, the family trio quickly gained traction and notoriety for their smooth and creative musicality.

21. The group relocated to Houston, Texas and three years later, in 1980, "Fito Olivares y su Grupo La Pura Sabrosua" ("La Pura Sabrosura") was born. For over half-century, La Pura Sabrosura worked diligently in the music business. The group's legendary art spans generations and plays a substantial role in maintaining the rich cultural history of regional Mexican music, notably in the genres of Tejano, Cumbia, Mambo, and others.

22. La Pura Sabrosura recorded and performed numerous hit songs. Their big breakthrough came in 1988, when "La Gallina" and "Juana La Cubana" were released. "Juana La Cubana" was nominated for Lo Nuestro awards. Another song, "El Colesterol," won an ASCAP award for best song in the regional Mexican category.

23. The official YouTube video alone of "Juana La Cubana" amasses over seventy-four (74) million views, though only posted about ten years ago. Additionally, the official

YouTube video of “La Cobra” boasts sixty-eight (68) million views. La Pura Sabrosura’s reach extends beyond Texas, and even the hispanic community.

24. La Pura Sabrosura hit their stride in the mid-1990s, when they landed on the Top 40 hits on Billboard’s Latin chart numerous times, with “La Ranita,” Cupido Bandido,” “El Paso del Canguro,” “Juana Maria,” and “El Colesterol.” The group did not stop there—the brothers continued releasing music and touring until they officially retired in 2007.

25. Beginning in the late 90s, Fito worked hard to regain rights to both the master sound recordings and his compositions in the songs recorded by La Pura Sabrosura. By 2000, he succeeded in reclaiming his rights to nearly all of La Pura Sabrosura’s hits. He transferred these rights to his companies Sabrosura Music and FOG Records. Later, in 2021, the rights to La Pura Sabrosura’s sound recordings were assigned to Oliva Records to manage.

26. Shortly thereafter, Fito was diagnosed with cancer. He passed away on March 17, 2023 at the age of 75.

**B. Sabrosura Music and Fito Olivares**

27. From at least as early as 1999, SABROSURA and OLIVA, or their predecessors in interest, controlled the compositional and sound recording works of Fito Olivares and La Pura Sabrosura under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*, and all amendments thereto (the “Copyright Act”). Today, SABROSURA and OLIVA are the actual and beneficial owners of the respective composition and sound recording copyrights in and to the composition and sound recording of both “El Colesterol” and “Aguita De Melon.”

28. The composition for “El Colesterol” was registered as a musical work copyright in the United States Copyright Office in 2001 as PA0000915852 (the “Composition”).

29. The sound recording for "Aguita De Melon" was registered as a sound recording copyright in the United States Copyright Office in 2001 as SR0000121273 (the "Sound Recording").

30. The sound recording for "Aguita De Melon" was registered as a musical work copyright in the Mexican Copyright Office in 1993. (also, the "Composition").

**C. That Mexican OT and Peso Peso Sample "El Colesterol"**

31. On or about September 12, 2024, GAZCA and HERRERA released "Selena" on YouTube, Spotify, Tidal, Amazon Music, YouTube Music, and Apple Music, among other streaming sites. YouTube alone accounts for more than two million streams of the Infringing Work.

32. Defendants created the Infringing Work as both a derivative musical composition and a derivative sound recording by digitally sampling and manipulating substantial and recognizable portions of both the Composition and Sound Recording continuously and throughout the work.

33. Specifically, from :11 to :23 the Infringing Work directly copies the principal saxophone motif from "El Colesterol." Defendants' only modification is to filter out the low frequencies.

34. Other than the vulgar lyrics, Defendants add limited percussive elements, primarily clapping and hi-hat. The repeating saxophone motif appropriated from "El Colesterol" is the sole melodic accompaniment to the rap lyrics throughout the entirety of GAZCA and HERRERA's infringing work with minimal variation.

**D. Gazca and Herrera Sample "El Colesterol" Without Permission**

35. On May 8, 2024, Plaintiffs' counsel received a cell phone call from Michael Mills ("Mills"). Mills purported to be the manager of HERRERA. In the phone call, Mills informed

counsel that HERRERA would like to use "El Colesterol" in a song expected to come out the following month, June of 2024. Counsel agreed to pursue the opportunity, pending term agreement.

36. During the phone call, however, Mills revealed that HERRERA was planning to feature GAZCA in the song. Counsel immediately noted the fact that GAZCA previously released a song, "La Cobra," which contained uncleared samples of La Pura Sabrosura's song of the same title, and that Plaintiffs would not be comfortable moving forward with this new engagement until GAZCA and his team attempted to negotiate for the infringement of "La Cobra."

37. After the May 8 phone call, Mills sent counsel a DropBox link containing an audio of "Selena," which featured both HERRERA and GAZCA performing over La Pura Sabrosura's originally instrumental song "El Colesterol."

38. Later that same day, counsel spoke with GAZCA's manager, Gregory Davenport ("Davenport") to attempt a resolution for "La Cobra" and move forward with the publication of "Selena." Davenport subsequently accused counsel of holding "Selena" hostage and thereby destroying GAZCA and HERRERA's business. The result of this forty-minute conversation was for Davenport to state that the parties would talk about the terms in some undefined future time.

39. Later that same day, May 8, counsel received an email from Davenport that asked for his terms, which counsel replied. Counsel has not heard from Mills or Davenport regarding "Selena" since then.

**E. Publication of "Selena"**

40. On or about September 12, 2024, HERRERA and GAZCA released "Selena," the Infringing Song, on YouTube, Spotify, Tidal, Amazon Music, YouTube Music, and Apple Music, among other streaming sites under the EMPIRE label, with MORALES as the producer. YouTube alone accounts for more than two million streams of the song.

41. "Selena" remains on at least seventeen (17) streaming services and platforms as of November 20, 2026, thereby allowing GAZCA, HERRERA, and all others involved in the infringement of a beloved artist to obtain profits that are directly diverted from the rightful owners of the copyright.

**F. Peso Peso Samples "Aguita De Melon"**

42. On or about November 20, 2023, HERRERA released a video for "Melon" on YouTube via "ROZAYVEVO." The song was also released on Spotify, Tidal, Amazon Music, YouTube Music, and Apple Music, among other streaming sites. YouTube alone accounts for more than three million streams of the Infringing Work.

43. Defendants created the Infringing Work as both a derivative musical composition and a derivative sound recording by digitally sampling and manipulating substantial and recognizable portions of both the Composition and Sound Recording continuously and throughout the work.

44. Specifically, from :00 to :10 the Infringing Work directly plays a sound clip from the chorus of "Aguita De Melon." Defendants' only modification is to play the sound clip as if it was filtered through a radio speaker, in a muted manner.

45. Defendants play the derivative sound clip of the chorus of "Aguita De Melon" again from :36-1:00, 1:24-1:47, 2:12-2:35, and 3:00-3:23. Defendants do not rap over the chorus, but use the exact copyrighted material.

46. For the duration of the entire Infringing Work, Defendants directly copy the principal saxophone melody under vulgar rap lyrics.

47. "Melon" remains on at least seventeen (17) streaming services and platforms as of November 20, 2026, thereby allowing HERRERA and all others involved in the infringement of a beloved artist to obtain profits that are directly diverted from the rightful owners of the copyright.

48. The foregoing willful conduct by Defendants is an infringement of Plaintiffs' exclusive rights under 17 U.S.C. §§ 106 and 501 of the Copyright Act.

49. As a direct and proximate result of Defendants' aforesaid acts, Plaintiffs have suffered and continue to suffer actual and substantial damages.

50. The precise amount of damages are not ascertainable at this time.

## FIRST CLAIM FOR RELIEF
### COPYRIGHT INFRINGEMENT OF A MUSICAL WORK
### (17 U.S.C. § 501 *et seq.*)

51. Plaintiff alleges and incorporates by reference the allegations set forth in paragraphs 1 through 50 hereof, as if fully set forth herein.

52. The Copyrighted Works "El Colesterol" and "Aguita De Melon" are original musical works containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, et. seq.

53. Plaintiff SABROSURA is the exclusive, actual, and beneficial owner of all rights in and to the Compositions, which is the subject of valid copyright registrations issued by the Register of Copyrights.

54. The Infringing Works include identical reproductions of the Compositions in the samples used in the Infringing Works.

55. Defendants had access to the Compositions through online streaming services, social media, and local radio featuring the music of Fito Olivares.

56. Defendants' unauthorized reproductions, distributions, public performances, and digital transmissions of the Infringing Works, as alleged above, each constitute separate infringements of SABROSURA's rights in and to the federally registered Composition copyright for the songs "El Colesterol" and "Aguita De Melon."

57. The foregoing acts of copyright infringement have been willful and intentional.

58. As a direct and proximate result of their wrongful conduct, Defendants have realized and will continue to realize profits and other benefits rightly belonging to SABROSURA. Accordingly, SABROSURA is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c). Alternatively, at SABROSURA's election, pursuant to 17 U.S.C. § 504(b), SABROSURA is entitled to its actual damages plus Defendants' profits from infringement, to be proven at trial.

59. SABROSURA is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF
### COPYRIGHT INFRINGEMENT OF A SOUND RECORDING
### (17 U.S.C. § 501 *et seq.*)

60. Plaintiff alleges and incorporates by reference the allegations set forth in paragraphs 1-59 hereof, as if fully set forth herein.

61. The Copyrighted Works "El Colesterol" and "Aguita De Melon" are original sound recordings containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, et. seq.

62. Plaintiff OLIVA is the exclusive, actual, and beneficial owner of all rights in and to the Sound Recordings, which is the subject of valid copyright registrations issued by the Register of Copyrights.

63. The Infringing Works include an identical reproduction of the Sound Recordings in the samples used in the Infringing Work.

64. Defendants had access to the Sound Recordings through online streaming services, social media, and local radio featuring the music of Fito Olivares.

65. Defendants' unauthorized reproductions, distributions, public performances, and digital transmissions of the Infringing Works, as alleged above, each constitute separate

infringements of OLIVA's rights in and to the federally registered Sound Recording copyrighst for the songs "El Colesterol" and "Aguita De Melon."

66. The foregoing acts of copyright infringement have been willful and intentional.

67. As a direct and proximate result of their wrongful conduct, Defendants have realized and will continue to realize profits and other benefits rightly belonging to OLIVA. Accordingly, OLIVA is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c). Alternatively, at OLIVA's election, pursuant to 17 U.S.C. § 504(b), OLIVA is entitled to its actual damages plus Defendants' profits from infringement, to be proven at trial.

68. OLIVA is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

## THIRD CLAIM FOR RELIEF:
### CONTRIBUTORY INFRINGEMENT OF A MUSICAL WORK

69. Plaintiff alleges and incorporates by reference the allegations set forth in paragraphs 1 through 68 as if fully stated herein for all purposes.

70. The Copyrighted Works "El Colesterol" and "Aguita De Melon" are musical works containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, et. seq.

71. Plaintiff SABROSURA is the exclusive, actual, and beneficial owner of all rights in and to the Composition, which is the subject of valid copyright registrations issued by the Register of Copyrights.

72. The Infringing Work includes an identical reproduction of the Composition in the samples used in the Infringing Work.

73. Defendants had access to the Composition through online streaming services, social media, and local radio featuring the music of Fito Olivares.

74. Defendants' activities, as alleged herein, constitute contributory infringement of SABROSURA's rights in and to the federally registered copyright in the Compositions, in that Defendants knowingly induced, caused, materially contributed in, and resultantly profited from the unauthorized reproduction, distribution, and public performance of the Infringing Works.

75. The foregoing acts have been willful and intentional.

76. As a direct and proximate result of their wrongful conduct, Defendants have realized and will continue to realize profits and other benefits rightly belonging to SABROSURA. Accordingly, SABROSURA is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c). Alternatively, at SABROSURA's election, pursuant to 17 U.S.C. § 504(b), SABROSURA is entitled to its actual damages plus Defendants' profits from infringement, to be proven at trial.

77. SABROSURA is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

## FOURTH CLAIM FOR RELIEF:
## CONTRIBUTORY INFRINGEMENT OF A SOUND RECORDING

78. Plaintiff alleges and incorporates by reference the allegations set forth in paragraphs 1 through 77 as if fully stated herein for all purposes.

79. The Copyrighted Works "El Colesterol" and "Aguita De Melon" are original sound recordings containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, et. seq.

80. Plaintiff OLIVA is the exclusive, actual, and beneficial owner of all rights in and to the Sound Recordings, which is the subject of valid copyright registrations issued by the Register of Copyrights.

81. The Infringing Works include identical reproductions of the Sound Recordings in the samples used in the Infringing Works.

82. Defendants had access to the Sound Recordings through online streaming services, social media, and local radio featuring the music of Fito Olivares.

83. Defendants' activities, as alleged herein, constitute contributory infringement of OLIVA'S rights in and to the federally registered copyright in the Sound Recordings, in that Defendants knowingly induced, caused, materially contributed in, and resultantly profited from the unauthorized reproduction, distribution, and public performance of the Infringing Work.

84. The foregoing acts have been willful and intentional.

85. As a direct and proximate result of their wrongful conduct, Defendants have realized and will continue to realize profits and other benefits rightly belonging to OLIVA. Accordingly, OLIVA is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c). Alternatively, at OLIVA's election, pursuant to 17 U.S.C. § 504(b), OLIVA is entitled to its actual damages plus Defendants' profits from infringement, to be proven at trial.

86. OLIVA is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

## FIFTH CLAIM FOR RELIEF:
## VICARIOUS INFRINGEMENT OF A MUSICAL WORK

87. Plaintiff alleges and incorporates by reference the allegations set forth in paragraphs 1 through 86 as if fully stated herein for all purposes.

88. The Copyrighted Works "El Colesterol" and "Aguita De Melon" are original musical works containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, et. seq.

89. Plaintiff SABROSURA is the exclusive, actual, and beneficial owner of all rights in and to the Compositions, which is the subject of valid copyright registrations issued by the Register of Copyrights.

90. The Infringing Work includes an identical reproduction of the Compositions in the samples used in the Infringing Work.

91. Defendants had access to the Compositions through online streaming services, social media, and local radio featuring the music of Fito Olivares.

92. Defendants' activities, as alleged herein, constitute vicarious infringement of SABROSURA's rights in and to the federally registered copyright in the Compositions, in that Defendants had the right and ability to supervise such infringement and because Defendants had a direct financial interest in the Infringing Work.

93. The foregoing acts have been willful and intentional.

94. As a direct and proximate result of their wrongful conduct, Defendants have realized and will continue to realize profits and other benefits rightly belonging to SABROSURA. Accordingly, SABROSURA is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c). Alternatively, at SABROSURA's election, pursuant to 17 U.S.C. § 504(b), SABROSURA is entitled to its actual damages plus Defendants' profits from infringement, to be proven at trial.

95. SABROSURA is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

## SIXTH CLAIM FOR RELIEF:
### VICARIOUS INFRINGEMENT OF A SOUND RECORDING

96. Plaintiff alleges and incorporates by reference the allegations set forth in paragraphs 1 through 95 as if fully stated herein for all purposes.

97. The Copyrighted Works "El Colesterol" and "Aguita De Melon" are original sound recordings containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, et. seq.

98. Plaintiff OLIVA is the exclusive, actual, and beneficial owner of all rights in and to the Sound Recordings, which is the subject of valid copyright registrations issued by the Register of Copyrights.

99. The Infringing Work includes an identical reproduction of the Sound Recording in the samples used in the Infringing Work.

100. Defendants had access to the Sound Recording through online streaming services, social media, and local radio featuring the music of Fito Olivares.

101. Defendants' activities, as alleged herein, constitute vicarious infringement of OLIVA's rights in and to the federally registered copyright in the Sound Recording, in that Defendants had the right and ability to supervise such infringement and because Defendants had a direct financial interest in the Infringing Work.

102. The foregoing acts have been willful and intentional.

103. As a direct and proximate result of their wrongful conduct, Defendants have realized and will continue to realize profits and other benefits rightly belonging to OLIVA. Accordingly, OLIVA is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c). Alternatively, at OLIVA's election, pursuant to 17 U.S.C. § 504(b), OLIVA is entitled to its actual damages plus Defendants' profits from infringement, to be proven at trial.

104. OLIVA is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

## CONDITIONS PRECEDENT

105. All conditions precedent have been performed or have occurred.

## ATTORNEYS FEES

106. Plaintiff requests recovery of its reasonable attorneys' fees and costs pursuant to 17 U.S.C § 505.

## DAMAGES

107. Plaintiff seeks statutory damages pursuant to 17 U.S.C. § 504(c), in the alternative, Plaintiff's actual damages, pursuant to 17 U.S.C. § 504(c).

108. Plaintiff seeks recovery of Defendant's profits attributable to Defendants' infringing conducted alleged herein under 17 U.S.C. § 504(b) and under the common law of the State of Texas.

109. Plaintiff further seeks all other relief, together or in the alternative, to which it shows itself justly entitled at law or equity.

## CONDITIONS PRECEDENT

110. All conditions precedent have been performed or have occurred.

## PRAYER AND RELIEF REQUESTED

WHEREFORE, PREMISES CONSIDERED, Plaintiffs SABROSURA and OLIVA request that the Defendants be cited to appear and answer, and that a final trial judgment be entered in favor of Plaintiffs against Defendants as follows:

a. Pursuant to 17 U.S.C. § 502(a), Defendants, their agents, servants and employees and all parties in privity with them be enjoined permanently from directly or indirectly using the Composition and Sound Recording, or any other work derived in any way therefrom, in any manner which infringes upon the copyrights in said works;

b. Defendants file with the Court and serve on Plaintiffs a report setting forth the manner and form in which compliance with said permanent injunction against infringement has been made;

c. Pursuant to 17 U.S.C. § 504(b), Defendants be required to pay to the Plaintiffs such actual damages as Plaintiffs may have sustained in consequence of Defendants' infringement and all profits of Defendants that are attributable to the infringement of Plaintiffs' rights in said copyrights to the Composition and Sound Recording;

d. Defendants provide Plaintiffs an accounting for all gains, profits and advantages attributable to or derived by Defendants from their infringement;

e. Pursuant to 17 U.S.C. § 504(c), Defendants be required to pay an award of statutory damages in a sum of not less than $30,000 per infringement, should this statutory remedy be elected, by Defendants of Plaintiffs' rights in said copyrights to the Composition and Sound Recording;

f. Defendants' infringements be found to have been willful;

g. Pursuant to 17 U.S.C. § 504(c), Defendants be required to pay an award of increased statutory damages in a sum of not less than $150,000 per infringement for willful infringement, should this statutory remedy be elected, by Defendants of Plaintiffs' rights in said copyrights to the Composition and Sound Recording;

h. Pursuant to 17 U.S.C. § 505, Defendants be required to pay Plaintiffs' full costs in this action and reasonable attorney's fees to Plaintiffs' attorneys;

i. Defendants be equitably disgorged of wrongfully obtained profits attributable to the Infringing Work;

j. Such other and further relief, including that requested herein, to which Plaintiffs may show themselves justly entitled.

Dated: November 20. 2026

Respectfully submitted,

By: /s/ Justen S. Barks
Justen S. Barks
Bar No. 24087142
jbarks@barks.law
Bailey P. Brewster
Bar No. 24124731
bbrewster@barks.law
**BARKS PLLC**
1235 N. Loop W. Ste. 702
Houston, Texas 77008
(832) 317-6761 (Tel.)
edocs@barks.law

**ATTORNEYS FOR PLAINTIFFS SABROSURA MUSIC LLC, OLIVA RECORDS LLC**